**HASTY INCORPORATED, Appellant,**

v.

**INWOOD BUCKHORN JOINT VENTURE, Appellee.**

**No. 05–94–01415–CV.**

Court of Appeals of Texas, Dallas.

Aug. 28, 1995.

C. Tony Wright, Law Offices of C. Tony Wright, P.C., Dallas, for Appellant.

Thomas F. Keever, Assistant City Attorney, Dallas, for Appellee.

Before BAKER, LAGARDE and MALONEY, JJ.

## OPINION

BAKER, Justice.

This case involves a landlord-tenant dispute. The landlord, Inwood Buckhorn Joint Venture (IBJV), owns the Inwood North Plaza shopping center in Addison, Texas. The tenant, Hasty Incorporated (Hasty), leases retail space for its Buckhorn Liquor Store from IBJV. Hasty contends the trial court erred in denying it declaratory and injunctive relief because IBJV violated its lease agreement with Hasty.

IBJV asserts the trial court correctly denied Hasty's request for declaratory and injunctive relief. In cross-points of error, IBJV contends the trial court erred by concluding IBJV overcharged Hasty for its pro rata share of property taxes and by allowing Hasty to put on evidence of attorney's fees. IBJV contends the trial court erred in finding Hasty was in compliance with the lease terms. IBJV contends the trial court erred

by refusing to award attorney's fees and costs to IBJV and by taxing costs against IBJV.

We hold the trial court correctly concluded IBJV did not breach the lease agreement. We overrule Hasty's first point of error. Because we overrule Hasty's first point of error, we do not reach Hasty's second point of error. We hold the trial court erred in allowing Hasty to put on attorney's fees evidence. We sustain IBJV's second cross-point of error. We reverse the trial court's award of attorney's fees to Hasty. We modify the judgment to delete Hasty's attorney's fees award. We overrule IBJV's remaining cross-points of error. We affirm the trial court's judgment as modified.

## FACTUAL BACKGROUND

IBJV bought the Inwood North Plaza shopping center in 1989. IBJV replatted the shopping center into two tracts. When IBJV replatted the land, Addison required IBJV to place a public easement across the property.

In 1991, IBJV negotiated the sale of a part of the shopping center to Joe Frank Jansen. Jansen owns Goody Goody Liquor, Inc., a competitor of Buckhorn Liquor. If IBJV and Jansen complete the transaction, Jansen intends to open a liquor store.

## PROCEDURAL BACKGROUND

When Hasty learned Jansen wanted to buy the property, Hasty filed a declaratory judgment action. The purpose of Hasty's action was to determine whether the proposed sale violated its lease with IBJV. Hasty claimed the sale violated the lease agreement. Paragraph 1(j) states:

> 1(j). Landlord shall not lease property he owns adjacent to or within 3,000 feet of the Demised Premises to anyone for the purpose of off premises liquor sales or *allow such use within any such other property owned by Landlord within 3,000 feet.*

(Emphasis added.) Hasty claimed the italicized part of paragraph 1(j) prohibits IBJV from selling any of the shopping center to Jansen. Hasty sought an injunction to prohibit the sale of the property. Hasty claimed the wrongful sale would cause it irreparable

harm. Hasty later amended its pleadings to allege IBJV breached the lease by overcharging Hasty for pro rata property taxes.

At trial, Jansen testified he would open a liquor store if IBJV sold him part of the shopping center. Hasty's president, Lloyd Whitehead, testified Buckhorn Liquor would lose no less than one million dollars if another liquor store opened in the shopping center. Whitehead testified he could not calculate Buckhorn Liquor's future damages with certainty.

The trial court denied Hasty's request for declaratory and injunctive relief. The trial court concluded IBJV overcharged Hasty for taxes and granted Hasty actual damages and attorney's fees. The trial court denied IBJV's request for attorney's fees and assessed costs against IBJV.

## DECLARATORY AND INJUNCTIVE RELIEF

In its first point of error, Hasty contends the trial court erred in denying its request for declaratory relief. Hasty asserts IBJV violated paragraph 1(j) of Hasty's lease agreement in two ways. First, IBJV's sale of the property would allow Jansen to operate a liquor store within 3,000 feet of Hasty's location. Second, IBJV violated the lease by granting the public easement. In its second point of error, Hasty claims the trial court erred in denying injunctive relief because Hasty proved it would suffer irreparable harm.

### A. Standard of Review

We review challenges to the trial court's conclusions of law as a matter of law. *McLendon v. McLendon*, 862 S.W.2d 662, 674 (Tex.App.—Dallas 1993, writ denied). An erroneous conclusion of law is not binding on this Court. *McLendon*, 862 S.W.2d at 675. When a party attacks conclusions of law on appeal, we have the power and the duty to evaluate those conclusions. *MJR Corp. v. B & B Vending Co.*, 760 S.W.2d 4, 10 (Tex.App.—Dallas 1988, writ denied).

## B. Applicable Law

### 1. Uniform Declaratory Judgments Act

■ The purpose of the Uniform Declaratory Judgments Act is to settle and afford relief from uncertainty and insecurity about rights, status, and other legal relations. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 37.001–.011 (Vernon 1986 & Supp.1995). A trial court may construe a contract in a declaratory judgment suit either before or after a breach occurs. TEX.CIV.PRAC. & REM. CODE ANN. § 37.004(b) (Vernon 1986).

### 2. Contract Interpretation

■ Whether a contract is ambiguous is a question of law. *Reilly v. Rangers Management, Inc.,* 727 S.W.2d 527, 529 (Tex. 1987). We determine whether a contract is ambiguous by looking at the whole contract. We consider the circumstances existing when the parties entered into the contract. *Reilly,* 727 S.W.2d at 529. A contract is not ambiguous if it can be given a certain or definite legal meaning or interpretation. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). When a contract is unambiguous, we apply the pertinent rules of construction. *City of Austin v. Houston Lighting & Power Co.,* 844 S.W.2d 773, 783 (Tex.App.—Dallas 1992, writ denied). The parties' objective, not subjective, intent controls. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 518 (Tex.1968). We construe the contract by giving the language its plain grammatical meaning. *Reilly,* 727 S.W.2d at 529.

### C. Application of Law to Facts

■ The parties agree the lease is not ambiguous. Because the lease is unambiguous, we do not ask about the subjective intent of the original parties or the current parties to the lease. We simply apply the plain meaning of the lease language. *Reilly,* 727 S.W.2d at 529; *Spooner,* 432 S.W.2d at 518.

Paragraph 1(j) does not prohibit the sale of the property nor does it prohibit the sale or conveyance of an easement. Because the plain meaning of the language does not prohibit either action, we conclude IBJV's actions did not violate the lease. Hasty did not show its right to the declaratory relief requested. We conclude the trial court did not err in denying declaratory relief. We overrule Hasty's first point of error.

Because we conclude the proposed sale would not violate the lease, we do not reach Hasty's second point of error. *See* TEX. R.APP.P. 90(a).

## PRO RATA TAXES AND LEASE COMPLIANCE

In its first cross-point, IBJV contends the trial court erred in concluding IBJV overcharged Hasty for property taxes. IBJV claims there is not enough evidence to support the trial court's findings on the property taxes. IBJV claims Hasty waived its right to seek a tax refund. Alternatively, IBJV claims the law estopped Hasty from asserting any right to a refund.

In its third cross-point of error, IBJV contends the trial court's findings that Hasty complied with the lease are against the great weight and preponderance of the evidence.

### A. Standard of Review

■ When reviewing the trial court's fact findings, we give the findings the same deference we would give to a jury's findings. *MJR Corp.,* 760 S.W.2d at 10. The trial court is the sole judge of the witnesses' credibility and the testimony's weight. *Clancy v. Zale Corp.,* 705 S.W.2d 820, 826 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). In considering a factual sufficiency challenge, we review all the evidence before the trial court. *F.D.I.C. v. F & A Equip. Leasing,* 854 S.W.2d 681, 685 (Tex.App.—Dallas 1993, no writ). We sustain a challenge to the trial court's findings only if the findings are so contrary to the great weight and preponderance of the evidence that they are clearly wrong and manifestly unjust. *Roberts Express, Inc. v. Expert Transp., Inc.,* 842 S.W.2d 766, 770 (Tex.App.—Dallas 1992, no writ).

### B. Application of Law to Facts

#### 1. Pro Rata Taxes

■ The evidence showed the total shopping center area to be 37,313 square feet.

Total leasable space is 30,353 square feet. Hasty leases 8,470 square feet. From 1981 to 1989, Hasty paid its pro rata taxes based on the shopping center's total square footage. In 1990, IBJV calculated Hasty's pro rata taxes based on total leasable square footage.

Hasty's accountant admitted Hasty paid the 1990, 1991, and 1992 tax bills without protest. He admitted the checks did not mention any reservation of rights on tax overcharges. He sent a demand letter for the overcharges when he discovered IBJV used a higher rate to calculate the taxes. He did not originally check the 1990–1992 tax figures. He did not do so because Hasty's landlord had based pro rata property taxes on the total square footage of 37,313 since 1981.

Whitehead testified he signed an estoppel letter before IBJV bought the shopping center in 1989. The estoppel letter stated Hasty would pay its pro rata property taxes based on total leasable square footage of 30,353 square feet. Whitehead admitted reading and signing the letter. He said he did not read the letter carefully. Whitehead testified he did not compare the square footage in the letter to that in the lease. He signed the letter for his landlord's benefit. He was trying to help his landlord who was in a hurry to sell the property. Whitehead stated that when he signed the estoppel letter he did not intend to give up Hasty's right to pay only its fair share of the taxes.

The trial court found IBJV charged Hasty $7,709.30 more than it should have for the 1990–1992 property taxes. The trial court found Hasty did not waive its right to seek a refund of the overpaid taxes. The trial court found IBJV did not prove the elements of estoppel.

Reviewing all the evidence, we conclude the trial court's findings are not so contrary to the great weight and preponderance of the evidence that they are clearly wrong and manifestly unjust. *See Roberts,* 842 S.W.2d at 770. We overrule IBJV's first cross-point of error.

### 2. Lease Compliance

Hasty's lease with IBJV contained a renewal option. To exercise the option, Hasty could not be in default under the lease agreement. Under the lease, a failure to follow any lease term, condition, or covenant other than payment of rent or other sum of money is a default if Hasty did not cure it within 30 days after IBJV gave written notice to Hasty. Hasty tried to exercise its renewal option in July and October 1992.

### a. Parking Lot

The lease requires Hasty to repair and maintain the parking lot. IBJV contends Hasty defaulted on the lease by not repairing and maintaining the parking lot.

Whitehead testified Hasty received a letter from IBJV in February 1992. The letter told Hasty to replace the entire parking lot. Whitehead referred to the lease with IBJV. The lease stated Hasty was responsible for maintaining its leased area, including keeping the paved area in good repair and condition. Whitehead hired an engineer to survey Hasty's building and the parking lot based on the lease with IBJV.

Whitehead and the engineer compared the surveyed area to the entire parking lot. Whitehead and the engineer agreed Hasty was responsible for a much smaller area than the letter stated. Whitehead believed Hasty's part of the parking lot was in excellent repair. Whitehead stated several parts of the parking lot outside of Hasty's leased area needed repair. On March 9, 1992, Hasty notified IBJV that Hasty was not responsible for the entire parking lot.

On March 17, 1992, IBJV told Hasty it had thirty days to vacate the leased premises. IBJV claimed Hasty's March 9, 1992 letter proved Hasty's refusal to comply with the lease. On July 31, 1992, and October 22, 1992, Hasty tried to exercise the renewal option. Whitehead admitted Hasty had not made any repairs to the parking lot when it tried to exercise the option. Several months later, Hasty made cosmetic repairs to the parking lot to appease IBJV.

The trial court found Hasty did not violate the lease. The trial court found Hasty had properly exercised the renewal option.

Reviewing all the evidence, we conclude the trial court's findings are not so contrary to the great weight and preponderance of the evidence that they are clearly wrong and manifestly unjust. *See Roberts,* 842 S.W.2d at 770.

### b. Lease Assignment

■ In 1988, Hasty executed a deed of trust, assignment of rents, and security agreement for Texas Commerce Bank. On January 27, 1993, IBJV sent Hasty a letter claiming Hasty had violated the lease by assigning the lease to Texas Commerce Bank. The lease restricts Hasty's lease assignment without IBJV's prior written consent.

Whitehead agreed Hasty had signed the 1988 assignment. He admitted the bank had not released the assignment in October 1992 when Hasty tried to execute the renewal option. Whitehead said he got the bank to sign the release February 9, 1993. He filed it with the Dallas County clerk's office ten days later. The trial court found Hasty did not violate the lease and did not default on the lease.

Reviewing all the evidence, we conclude the trial court's findings are not so contrary to the great weight and preponderance of the evidence that they are clearly wrong and manifestly unjust. *See Roberts,* 842 S.W.2d at 770. We overrule IBJV's third cross-point of error.

### ATTORNEY'S FEES AND COSTS

In its second cross-point, IBJV contends the trial court erred in allowing Hasty to put on attorney's fees evidence because Hasty did not timely amend its discovery responses. In its fourth cross-point of error, IBJV claims the trial court abused its discretion by refusing to award IBJV its attorney's fees and costs. In its fifth cross-point of error, IBJV contends the trial court abused its discretion by taxing costs against IBJV.

### A. Applicable Law

#### 1. Rule 166b

Rule 166b of the rules of civil procedure requires a party to supplement its discovery responses when the party knows the response (1) was: incorrect or incomplete when made; or (2) although correct and complete when made, is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading. TEX.R.CIV.P. 166b(6)(a)(1), (2); *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 395 (Tex.1989). The responding party must supplement its response not less than thirty days before trial. TEX.R.CIV.P. 166b(6); *Kreymer v. North Tex.Mun.Water Dist.,* 842 S.W.2d 750, 752 (Tex.App.—Dallas 1992, no writ).

■ If a party does not supplement discovery responses, the trial court must exclude the evidence. TEX.R.CIV.P. 215(5); *Alvarado v. Farah Mfg. Co.,* 830 S.W.2d 911, 914 (Tex.1992); *Morrow v. H.E.B. Inc.,* 714 S.W.2d 297, 297–98 (Tex.1986). The exclusion is mandatory unless the party affirmatively shows good cause for the failure to supplement. TEX.R.CIV.P. 215(5); *Morrow,* 714 S.W.2d at 297–98; *New Braunfels Factory Outlet Ctr., Inc. v. IHOP Realty Corp.,* 872 S.W.2d 303, 311 (Tex.App.—Austin 1994, no writ). The party offering the evidence has the burden of showing good cause. TEX. R.CIV.P. 215(5); *E.F. Hutton & Co. v. Youngblood,* 741 S.W.2d 363, 364 (Tex.1987).

■ In reviewing a claim that the trial court erred in admitting evidence, we first determine whether the appellant preserved the claimed error for review. Then, we determine whether the trial court committed error. Finally, if we decide the court committed error, we must decide whether the error was harmful. *See Sims v. Brackett,* 885 S.W.2d 450, 453 (Tex.App.—Corpus Christi 1994, writ denied). A party claiming error in the admission of evidence must show that the error was calculated to cause and probably did cause the trial court to render an improper judgment. TEX.R.APP.P. 81(b)(1); *Electronic Data Sys. Corp. v. Tyson,* 862 S.W.2d 728, 734 (Tex.App.—Dallas 1993, orig. proceeding). To show reversible error, an appellant must demonstrate that the evidence the trial court admitted was

dispositive of the issue involved and not merely cumulative. *See Gee,* 765 S.W.2d at 396.

### 2. Uniform Declaratory Judgments Act

The Texas Uniform Declaratory Judgments Act allows the trial court to award reasonable and necessary attorney's fees and costs as are equitable and just. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986); *Trinity Universal Ins. Co. v. Fidelity & Casualty Co.,* 837 S.W.2d 202, 205 (Tex.App.—Dallas 1992, no writ). The decision to grant or deny attorney's fees and costs is within the trial court's sound discretion. *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985). We broadly construe the trial court's discretion to award attorney's fees and costs in a declaratory judgment action. *McLendon,* 862 S.W.2d at 672. We do not reverse the trial court's denial of attorney's fees unless the complaining party shows a clear abuse of discretion. *Oake,* 692 S.W.2d at 455.

### 3. Rule 131

The successful party to a suit shall recover all costs from his adversary, unless the trial court states otherwise. TEX. R.CIV.P. 131; *see Dallas County v. Sweitzer,* 881 S.W.2d 757, 771 (Tex.App.—Dallas 1994, writ denied). A successful party is one who gets a judgment from a competent court vindicating a civil claim of right. *Mixon v. National Union Fire Ins. Co.,* 806 S.W.2d 332, 335 (Tex.App.—Fort Worth 1991, writ denied); *Siepert v. Brewer,* 433 S.W.2d 773, 775 (Tex.Civ.App.—Texarkana 1968, writ ref'd n.r.e.). The decision to assess costs is within the trial court's discretion. Absent an abuse of discretion, we will not reverse the trial court's assessment of costs. *First Nat'l Bank v. Gittelman,* 788 S.W.2d 165, 172 (Tex. App.—Houston [14th Dist.] 1990, writ denied); *Texas Dep't of Human Resources v. Orr,* 730 S.W.2d 435, 437 (Tex.App.—Austin 1987, no writ). *Brook Mays Organ Co. v. Sondock,* 551 S.W.2d 160, 165 (Tex.Civ.App. 1977, writ ref'd n.r.e.).

### B. Application of Law to Facts

#### 1. Rule 166b

Hasty filed its answers to IBJV's first set of interrogatories in April 1992. In answer to interrogatory number three inquiring about expert witnesses, Hasty named its attorney, Bruce A. Budner, as the expert who would testify about the reasonable attorney's fees Hasty incurred.

IBJV's interrogatory number 12 stated:

Describe your fee agreement with your attorney of record. If the fee agreement is contingent, please describe the specific terms. If the agreement is based on attorney's hourly rate, state each attorney's hourly rate, what amount of attorneys fees have been incurred by you, what amount has been paid, and an estimate of the amount of attorneys fees expected to be incurred through the trial of this case.

Hasty responded:

Johnson & Budner, P.C. is charging Plaintiff its legal fees on an hourly basis of $175 per hour. Through March 15, 1992, the total fees charged have been $11,036.25. All of said fees have been paid.

When Hasty filed this response, Hasty had not yet amended its pleadings to allege breach of the lease for overcharging on pro rata property taxes. Based on the pleadings at the time, Hasty's attorney's fees in Interrogatory number 12 related to its claim for declaratory and injunctive relief.

Later, Hasty amended its petition to include breach of the lease. The statement of facts in the record shows that Hasty did not supplement its answer to IBJV's interrogatory about the amount of attorney's fees until March 1. During the hearing on attorney's fees, Hasty's attorney testified he sent the supplemental answers by facsimile and certified mail to IBJV's attorneys on March 1, 1994. Hasty's attorney had a copy of this supplemental answer marked as an exhibit and offered it into the record at the attorney's fees hearing. IBJV objected on the ground it was an untimely supplement to discovery interrogatories because it was not filed more than thirty days before trial. The trial court overruled the objection and admit-

ted the answer as an exhibit.[1] IBJV also objected to Hasty's attorney's fees evidence on the ground it was improper because Hasty did not timely supplement its answers to IBJV's interrogatory about the fee arrangement and the amount of fees incurred. The trial court overruled this objection to Hasty's attorney's fees testimony.

■ Hasty did not timely supplement its discovery response thirty days before trial as required by rule 166b. *See* TEX.R.CIV.P. 166b(6). We hold that the failure to *timely* supplement a discovery request as required by rule 166b(6) also invokes rule 215(5). Therefore, because Hasty did not timely supplement, the trial court could allow evidence of Hasty's attorney's fees only if Hasty affirmatively showed good cause to require admission of the evidence. *Alvarado*, 830 S.W.2d at 914–15; *Morrow*, 714 S.W.2d at 297–98; *New Braunfels*, 872 S.W.2d at 311. Nothing in the record shows Hasty presented evidence of good cause. Because the record has no evidence of good cause, we hold the trial court erred in allowing evidence of Hasty's attorney's fees.

■ We reject Hasty's argument that the trial court could take judicial notice of Hasty's legal fees based on section 38.004 of the civil practice and remedies code. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 38.004 (Vernon 1986). Section 38.004 only applies when a party seeks attorney's fees under section 38.001. When a claim for fees does not fall under section 38.001, the trial court may not take judicial notice of attorney's fees. *Coward v. Gateway Nat'l Bank*, 525 S.W.2d 857, 859 (Tex.1975); *Kaiser v. Northwest Shopping Ctr., Inc.*, 544 S.W.2d 785, 788 (Tex.Civ.App.—Dallas 1976, no writ). Hasty asserted its claim to attorney's fees under the lease, not under section 38.004. The trial court could not take judicial notice of Hasty's attorney's fees.

The record shows that IBJV's objections properly preserved for appellate review the error in admitting the attorney's fees evidence. We have determined the trial court erred in admitting this evidence over IBJV's objection.

■ Because we conclude the trial court erred, we must determine whether the error is harmful. Because there is no other evidence on Hasty's attorney's fees, the trial court's action caused entry of an improper judgment. TEX.R.APP.P. 81(b)(1); *Gee*, 765 S.W.2d at 396. We conclude the error was harmful. We sustain IBJV's second cross-point of error. We modify the judgment to delete the trial court's attorney's fees award to Hasty.

## 2. Uniform Declaratory Judgments Act—Attorney's Fees

■ IBJV claims the trial court abused its discretion by refusing to award IBJV its attorney's fees and costs. IBJV contends the trial court should have awarded it attorney's fees and costs because it successfully defended Hasty's declaratory judgment action. We disagree.

Under the Texas Uniform Declaratory Judgments Act, the trial court, in its discretion, may grant or deny a party's request for attorney's fees. *Oake*, 692 S.W.2d at 455. After reviewing the record, we find no basis for concluding the trial court abused its discretion. We overrule IBJV's fourth cross-point.

## 3. Rule 131

■ IBJV claims the trial court abused its discretion by taxing costs against IBJV. IBJV contends the trial court improperly awarded costs because Hasty was not the successful party in the proceedings below. We disagree.

Hasty sued for declaratory relief, injunctive relief, and breach of the lease. The trial court granted Hasty judgment on its breach of lease claim. Hasty was the successful party under rule 131. *See Sweitzer*, 881 S.W.2d at 771. Because Hasty was the successful party, the trial court did not abuse its discretion in taxing costs against IBJV. We overrule IBJV's fifth cross-point of error.

---

1. Hasty's supplement to IBJV's interrogatory about the fees appears in the record only as an exhibit tendered and admitted during the attorney's fees hearing. The interrogatory answer is not part of the transcript in the appellate record.

We modify the trial court's judgment to delete the trial court's award of attorney's fees to Hasty. We affirm the trial court's judgment as modified.