AFFIRMED; Opinion filed April 28, 1999



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-97-00674-CV

## BOB THOMPSON HOMES, INC., Appellant

## V.

## RICK PETERS AND ANNE PETERS, Appellees

On Appeal from the 199th District Court
Collin County, Texas
Trial Court Cause No. 199-139-97

# OPINION

Before Justices Lagarde, Moseley, and Bridges
Opinion By Justice Lagarde

Bob Thompson Homes, Inc. (Thompson) appeals an interlocutory order denying its motion to compel arbitration. In one point of error, it asserts that the trial court erred in denying arbitration because its contract with appellees Rick and Anne Peters (collectively Peters) requires arbitration of any dispute arising out of the contract. We affirm the trial court's order.

On March 3, 1994, Thompson and Peters signed a contract, under which Thompson would construct a single-family residence for Peters. The contract designated Caperton/Johnson as the architect. The contract was a form contract, provided by Thompson. The form contained the following provision:

> All claims or disputes between the Contractor [Thompson] and the Owner [Peters] arising out of or relating to the Contract Documents, or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise and subject to an initial presentation of the claim or dispute to the Architect as required under Paragraph 15.5. Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen. The award rendered by the arbitrator or arbitrators shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. . . . The agreement herein among the parties to the Agreement and any other written agreement to arbitrate referred to herein shall be specifically enforceable under applicable law in any court having jurisdiction thereof.

Before Peters signed the form contract, however, Thompson crossed this provision out and Rick Peters initialed the strike-out to indicate his assent. In an affidavit later filed with the court, Thompson explained that the deletions "represent changes that [Thompson] has made to this standard form and incorporated in essentially all contracts with its customers through the date of the Peters contract. These standard changes were made by [Thompson] in the initial draft submitted to Peters and represent [Thompson's] changes."[1]

As construction progressed, Peters became dissatisfied with Thompson's performance. Peters complained of major plumbing leaks, faulty electrical wiring, improper and defective installation of fixtures, appliances, and carpeting, and the like. When Thompson did not remedy the defects to Peters's satisfaction, Peters stopped making the contracted installment payments. Thompson sued Peters for payment. Peters counterclaimed for various claims in contract and in tort.

---

[1] Neither party argued in its brief that the contract at issue contained any ambiguity. After oral argument, Thompson submitted a letter brief arguing that, if there is any ambiguity, it must be resolved in favor of arbitration because of the public policy favoring arbitration. It analogizes the argument to the principle that, when the language of an insurance policy is ambiguous, the construction that affords coverage will be adopted. We do not agree with Thompson's conclusion. Where an ambiguity exists in a contract, the contract language will be construed strictly against the party who drafted it, since the drafter is responsible for the language used. *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 737 (Tex. 1990). Because insurers are almost invariably, if not always, the drafters of their policies, the specific rule about insurance policies is simply a corollary of the more general rule. In this case, Thompson drafted the form contract, and Thompson, not Peters, struck out the general arbitration clause. There is no reason we should not apply the general contract principle and construe the effect of striking out the general arbitration clause against Thompson.

Thompson moved the trial court to compel arbitration; Peters objected to arbitration. Despite the deletion of the arbitration clause, Thompson contended that other provisions, taken together, meant that, in the event of a dispute between the parties, the architect, Caperton/Johnson, would serve as arbitrator. It relied principally on three provisions:

- In case of a dispute between Owner and Contractor as to whether any part of an application for payment should be paid, Architect shall make the final decision on the amount that should be paid.

- The Architect will interpret and decide matters concerning performance under and requirements of the Contract Documents on written request of either the Owner or Contractor. The Architect will make initial decisions on all claims, disputes or other matters in question between the Owner and Contractor. The Architect's decisions in matters relating to aesthetic effect will be final if consistent with the intent expressed in the Contract Documents.

- The Architect will have authority to reject Work which does not conform to the Contract Documents.

Because the architect was given this authority, Thompson concludes that the contract contemplated Caperton/Johnson as arbitrator.

Peters responds that the striking of the formal arbitration clause means that he did not agree to the arbitration process. At most, he argues, the contract gave Caperton/Johnson the authority to decide the amount that should be paid if the parties disagreed whether any amount of an application for payment should be paid. In questions of performance under the contract, Caperton/Johnson had the authority to make "*initial* decisions on all claims, disputes or other matters in question"; Peters, stressing the word "initial," contends that Caperton/Johnson was explicitly given authority to make final decisions only in matters relating to aesthetic effect. While Caperton/Johnson had the authority to reject work that did not conform to the contract between the parties, Peters asserts that nothing in the contract gave Caperton/Johnson the exclusive right to do so.

—3—

Peters also argued that Caperton/Johnson would not be an impartial arbitrator, because it and Thompson enjoyed a long professional relationship and Thompson often used Caperton/Johnson as its architect. In response, Thompson cites authority for the proposition that an engineer, working on a project, may be delegated the authority to act as an arbitrator. *City of San Antonio v. McKenzie Constr. Co.*, 150 S.W.2d 989, 995-96 (Tex. 1941). But in that case the supreme court emphasized the critical language: the engineer "shall determine all questions in relation to said work, and the construction thereof. He shall in all cases decide every question which may arise relative to the execution of this contract on the part of said Contractor." *City of San Antonio*, 150 S.W.2d at 996. We do not dispute that parties to a contract can designate another party to the same contract as an arbitrator, if they choose to do so. Caperton/Johnson is not disqualified from being an arbitrator in the Peters' home building contract simply because it is the architect on the project. The real issue is whether the contract in this case gave Caperton/Johnson the authority to make final, binding decisions in any matter except claims for payment or matters relating to aesthetic effect.

Arbitration is a creature of contract, and a clause requiring arbitration will be interpreted under contract principles. *Belmont Contractors, Inc., v. Lyondell Petrochemical Co.*, 896 S.W.2d 352, 357 (Tex. App.–Houston [1st Dist.] 1995, no writ). Thompson argued to the trial court that its "intent was to create an agreement whereby disputes such as the one between [Thompson] and [Peters] would be referred to the Architect for final resolution." Yet the parties' objective, not subjective, intent controls. *Hasty, Inc., v. Inwood Buckhorn Joint Venture*, 908 S.W.2d 494, 499 (Tex. App.–Dallas 1995, writ denied). We do not ask about the subjective intent of the parties. *Hasty, Inc.*, 908 S.W.2d at 499. Circumstances surrounding the execution of a contract should be considered, but the circumstances are merely an aid in the construction of the contract's language.

Moreover, the circumstances to be considered are not the parties' statements of what they intended the contract to mean. *KMI Continental Offshore Prod. Co. v. ACF Petroleum Co.*, 746 S.W.2d 238, 241 (Tex. App.–Houston [1ˢᵗ Dist.] 1987, writ denied). We may consider all the circumstances before and contemporaneous with the execution of a contract, "*other than* oral statements by the parties of what they intended it to mean." *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968) (emphasis added). Thompson's subjective intent, therefore, is of no assistance.

Finally, Thompson points out that state law strongly favors arbitration. Courts must resolve any doubts about an agreement to arbitrate in favor of arbitration. *Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996) (per curiam). Once a party seeking to compel arbitration establishes that an agreement to arbitrate exists and that the claims raised are within the agreement's scope, the trial court has no discretion but to compel arbitration. *Goodwin*, 924 S.W.2d at 944. We do not disagree with these principles. Yet "[a]lthough doubts regarding the scope of an arbitration clause are to be resolved in favor of arbitration, there must be an *initial* showing by the party seeking arbitration that the parties agreed to arbitration." *Solis v. Evans*, 951 S.W.2d 44, 51 (Tex. App.–Corpus Christi 1997, orig. proceeding). Arbitration cannot be ordered in the absence of such an agreement. *Freis v. Canales*, 877 S.W.2d 283, 284 (Tex. 1994) (per curiam).

Turning to the contract in this case, we see that Caperton/Johnson did not have the authority to make final decisions concerning Thompson's performance; therefore, Caperton/Johnson could not resolve the dispute that arose between the parties in this case through the process of binding arbitration. In matters of performance, Caperton/Johnson was explicitly given authority to make only initial decisions; the contract is completely silent on who will make the final decisions.

Therefore, the contract does not prevent Peters from seeking a final, and binding, decision from a court of law. To the contrary, if the contract itself does not give anyone the authority to make a final and binding decision, a court is the only entity left that can make a final decision and enforce it.

We conclude that Thompson did not meet its burden of initially showing that the parties agreed to arbitration. Accordingly, we affirm the trial court's order denying Thompson's motion to compel arbitration.

SUE LAGARDE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
970674F.U05

881241



# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-97-00674-CV

BOB THOMPSON HOMES, INC.,
Appellant

v.

RICK PETERS AND ANNE PETERS,
Appellees

Appeal from the 199th District Court of
Collin County, Texas. (Tr.Ct.No. 199-139-
97).

Opinion delivered by Justice Lagarde,
Justices Moseley and Bridges participating.

### JUDGMENT

In accordance with this Court's opinion of this date, the judgment of the trial court
is **AFFIRMED**. It is **ORDERED** that appellees Rick Peters and Anne Peters recover their
costs of this appeal from appellant Bob Thompson Homes, Inc. and from the cash deposit
in lieu of cost bond. After all costs have been paid, the clerk of the district court is directed
to release the balance, if any, of the cash deposit to McManemin & Smith, P.C., as counsel
for appellant Bob Thompson Homes, Inc.

Judgment entered April 28, 1999.

SUE LAGARDE
JUSTICE

Case Number: 05-97-00674-CV   Date Filed: 04/24/1997

Style: Bob Thompson Homes, Inc.
v.
Peters, Rick & Anne Peters

Trial Judge:          Roach, John R.
Trial Court Reporter:
Trial Court:          199TH DISTRICT COURT  Trial County:  COLLIN

---

ANT   Daniel P. Callahan
ATT 003648700
Godwin & Carlton, SMITH, P.C.
1600 PLAZA OF THE AMERICAS
600 N. PEARL STREET, L.B. 175
Dallas, TX 75201
Phone 214/953-1321
Fax 214/953-0695

APE   Bruce H. White
ATT 021288850
Dixon Dixon & Jessup Ltd, Llp
1445 Ross Ave Ste 5500
Dallas, Tx 75202-2801
Phone 214/754-0155
Fax  / -

Author of opinion Justice Lagarde

Trial Court Judge Roach

Rehear denied_____

**\*\*THIS OPINION IS RELEASED FOR PUBLICATION   YES /  NO**