

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00009-CV

**CHARLES MCELROY,**

                                        **Appellant**

 **v.**

**TEAGUE HOUSING AUTHORITY,**

                                        **Appellee**

From the County Court
Freestone County, Texas
Trial Court No. CV-09-5125

## MEMORANDUM  OPINION

The Teague Housing Authority, as landlord, brought an eviction (forcible detainer) action against Charles McElroy in justice court in Freestone County.[1] A jury found for the Authority, and the justice court entered judgment for possession of the apartment at issue to the Authority and attorney's fees of $1,600.50. McElroy appealed to the county court, and after a trial de novo, the county court ruled for the Authority. A judgment awarding the Authority possession and attorney's fees of $4,273.50 was

---

[1] The grounds were unauthorized pets, feeding of strays, condition of pets, housekeeping, non-reporting of maintenance issues, interfering with management of property, and refusing pest control.

entered on January 21, 2010. The judgment set a supersedeas bond in the amount of $4,500, to be filed within ten days, but McElroy did not file one. *See* TEX. PROP. CODE ANN. § 24.007 (West Supp. 2011). Asserting eight issues, McElroy, who is pro se and proceeding as an indigent, appeals.

## Possession

The Authority sent McElroy a notice of termination for material noncompliance on August 31, 2009. His lease was set to expire on January 31, 2010. At some point after the county court's January 21, 2010 judgment awarding the Authority possession, but before a writ of possession was issued, McElroy vacated the apartment.

> In Texas, the procedure to determine the right of possession of real property, if there was no unlawful entry, is the action of forcible detainer. TEX. PROP. CODE ANN. § 24.002 (Vernon 2000). A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Hous. Auth.*, 198 S.W.3d 782, 787 (Tex. 2006); *see* TEX. PROP. CODE ANN. §§ 24.001-24.011 (Vernon 2000 & Supp. 2009). Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession. *Marshall*, 198 S.W.3d at 787; *see* TEX. PROP. CODE ANN. § 24.008 (Vernon 2000) (providing that a suit for forcible detainer "does not bar a suit for trespass, damages, waste, rent, or mesne profit").

> …

> Pursuant to section 24.007 of the Texas Property Code, a judgment of possession in a forcible detainer action may not be stayed pending appeal unless the appellant timely files a supersedeas bond in the amount set by the trial court. TEX. PROP. CODE ANN. § 24.007 (Vernon 2000). Thus, if a proper supersedeas bond is not filed, the judgment of possession may be enforced, including issuance of a writ of possession evicting the tenant from the premises. *Marshall*, 198 S.W.3d at 786. However, an appellant's failure to supersede the judgment of possession does not divest the appellant of her right to appeal. *Id.* at 786-87. But, it may cause her appeal to be moot. *See id.* at 787.

We are prohibited from deciding moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). A justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). The Texas Supreme Court has held that even if an appellant gives up possession of the premises after the trial court signs a judgment of possession, the appeal may not be moot so long as (1) the appellant timely and clearly expresses her intent to appeal and (2) the appellate relief requested is "not futile; that is, so long as she held and asserted a potentially meritorious claim of right to current, actual possession of the [premises]." *Marshall*, 198 S.W.3d at 787.

*Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *1-2 (Tex. App.—San Antonio July 14, 2010, no pet.).

McElroy's brief does not present any basis for claiming a right to current, actual possession of the premises; he does not even request possession.[2] Thus, the issue of possession is moot. *See id.* at *2 (citing *Marshall*, 198 S.W.3d at 787).

McElroy does request that we set aside the eviction judgment. Regardless of his request or appellate issues, because the issue of possession is moot, we must vacate the county court's judgment of possession. *Id.* (citing and quoting *Marshall*, 198 S.W.3d at 785 ("We conclude that Marshall's case is moot and that the court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place.")); *see Pierson*,

---

[2] His first seven issues concern: (1) his unpleaded defense of res judicata; (2) his unpleaded defense of retaliation, *see* TEX. PROP. CODE ANN. § 92.335 (West 2007); (3) evidence objections, only one of which was made in the county court (a hearsay objection to a document that was proved up and admitted as a business record); (4) the Authority's refusal to accept McElroy's second cat as an "assistance animal;" (5) the county court's alleged failure to issue and have served McElroy's requested subpoenas on the eve of trial; (6) the Authority's use of "color of law" (a police officer) to assist in a welfare check of McElroy's apartment while he was hospitalized, and the Authority's request to have a police officer present on the day McElroy was to vacate the apartment; and (7) unpleaded complaints about the Authority's treatment of McElroy's security deposit and pet deposit, *see* TEX. PROP. CODE ANN. § 92.109 (West 2007), which occurred after the trial and after McElroy had vacated the apartment. None of these complaints has any bearing on McElroy's right to actual possession of the apartment. *See, e.g., Pierson v. Reynolds*, No. 14-06-01023-CV, 2007 WL 2447550, at *2 (Tex. App.—Houston [14th Dist.] Aug. 30, 2007, no pet.) (holding that appellant's issues had no bearing on appellant's right to actual possession).

2007 WL 2447550, at *2 (citing *Marshall*, 198 S.W.3d at 787 and vacating trial court's judgment).

## Attorney's Fees

Although the issue of possession is moot, we may still review issues independent of possession. *Cavazos,* 2010 WL 2772450, at *2 (citing *Rice v. Pinney*, 51 S.W.3d 705, 707 (Tex. App.—Dallas 2001, no pet.)). In issue eight, McElroy complains about the excessiveness of the attorney's fee award. We (as apparently does the Authority) construe this argument as a sufficiency issue. *See, e.g., id.* at *3 (construing pro se appellant's complaint as sufficiency issue).

The Authority, tacitly conceding that there is no evidence supporting the attorney's fee award, asserts that the county court could take judicial notice of the usual and customary attorney's fees and of the contents of the case file. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.004 (West 2008) ("court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence"). But, section 38.004 only applies when a party seeks attorney's fees under section 38.001 of the Civil Practice and Remedies Code. *Hasty Inc. v. Inwood Buckhorn Joint Venture,* 908 S.W.2d 494, 503 (Tex. App.—Dallas 1995, writ denied) ("When a claim for fees does not fall under section 38.001, the trial court may not take judicial notice of attorney's fees.") (citing *Coward v. Gateway Nat'l Bank,* 525 S.W.2d 857, 859 (Tex. 1975) (construing predecessor statute to only apply to claims described in statute)); *see also Charette v. Fitzgerald,* 213 S.W.3d 505, 514-15 (Tex. App.—Houston [14th Dist.] 2006, no pet.); TEX. CIV. PRAC. & REM. CODE ANN. § 38.003 (West 2008) (providing that

presumption of reasonableness of usual and customary attorney's fees applies only "for a claim of the type described in Section 38.001").

Here, attorney's fees were recoverable in this forcible detainer action under section 24.006 of the Property Code, *see* TEX. PROP. CODE ANN. § 24.006 (West 2000), and a forcible detainer action is not one of the claims included in section 38.001. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2008); *Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *6 (Tex. App.—Austin Jan. 6, 2011, no pet.). Therefore, section 38.004's provision for judicial notice of attorney's fees is not applicable and the county court could not have taken judicial notice. *See Rodriguez*, 2011 WL 182122, at *6 (holding that chapter 38 and section 38.004 did not apply to forcible detainer action). Because there is no evidence in support of the attorney's fee award, we sustain issue eight.

In conclusion, we vacate as moot the county court's judgment of eviction. We reverse the county court judgment's award of attorney's fees and render judgment that the Authority take nothing on its claim for attorney's fees. Costs are assessed against McElroy.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
    (Chief Justice Gray concurs. A separate opinion will not issue. He notes, however, that while the issues 1-7 are properly dismissed, he would dismiss them for want of jurisdiction in an appeal of an FED proceeding and not because they are moot. As to the issue of attorney's fees, he notes that issue keeps the

appeal from being moot, and would hold there is no evidence to support the award and would reverse the award of attorney's fees but otherwise affirm the judgment. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642-643 and 645 (Tex. 2005) (After determining the merits of the case were moot but that the remaining issue of "… obtaining attorney fees 'breathes life' into this appeal and prevents it from being moot," the Supreme Court proceeded to determine the issue and render a judgment on the merits rather than a dismissal of the case as moot.) However, because the functional equivalent of the court's judgment is the same as the judgment he would render, he concurs therein.)

Vacated in part, reversed and rendered in part
Opinion delivered and filed January 18, 2012
[CV06]